ELECTRONICALLY FILED
December 8, 2017
U.S. DISTRICT COURT
Northern District of WV

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

| | | |
|---|---|---|
| MOUNTAIN VALLEY PIPELINE, L.L.C., | : | Civil Action No. |
| | : | |
| Plaintiff, | : | 1:17-CV-211 (Keeley) |
| | : | |
| vs. | : | |
| | : | |
| AN EASEMENT TO CONSTRUCT, OPERATE AND MAINTAIN A 42-INCH GAS TRANSMISSION LINE ACROSS PROPERTIES IN THE COUNTIES OF BRAXTON, LEWIS, HARRISON, WEBSTER, AND WETZEL, WEST VIRGINIA, OWNED BY SHARON SIMMONS, ADMINISTRATRIX OF THE CHARLES D. SIMMONS ESTATE (PARCEL ID NO. 7-13D-11); JOSHUA SIMMONS (PARCEL ID NOS. 7-13D-11); BRYAN SIMMONS (PARCEL ID NO. 7-13D-11); ROBERT C. PIERSON, III AND VICKI L. PIERSON, AS TRUSTEES OF THE RED HAWK TRUST (PARCEL ID NO. 7-13E-10); WILLIAM G. LLOYD (PARCEL ID NO. 7-12F-11); ARTHUR C. AND JUDY D. ROBERTS (PARCEL ID NO. 02-4L-19, 02-4L-12); KINCHELOE MITIGATION HOLDINGS LLC (PARCEL ID NO. 20-421-8, 20-421-5, 20-421-4, & 20-421-6, 03-4A-27 & 03-4A-29); HILRY GORDON (PARCEL ID NO. 14-123-41); ADAM L. MATHENY (PARCEL ID NO. 18-282-108); GLENN D. MATHENY, II (PARCEL ID NO. 18-282-108); CHARLES F. CHONG AND REBECCA ANN ENEIX-CHONG (PARCEL ID NO. 18-322-14); TERESA D. ERICKSON, POA FOR GERALD WAYNE CORDER (PARCEL ID NO. 20-362-20); LORENA B. KRAFFT, POA FOR RANDALL N. CORDER (PARCEL ID NO. 20-362-21); BRIAN AND HELEN MONTAGUE VAN NOSTRAND (PARCEL ID NO. 6-6D-10); GEORGE ERNEST BRIGHT (PARCEL ID NO. 6-6E-1); TRUSTEE OF THE JOHN A. BRIGHT | : | |

| | |
|---|---|
| REVOCABLE LIVING TRUST (PARCEL ID NO. 6-6E-1); WILLIAM TOWNSEND BRIGHT (PARCEL ID NO. 6-6E-1); WILLIAM B. MORRISON AND ROBERT J. MORRISON, TRUSTEES UNDER THE WILL OF A. L. MORRISON FOR THE BENEFIT OF C. F. MORRISON, HELENA M. BERRY, HERMAN R. MORRISON, MARTHA M. COOPER, RUTH M. WARD, MABEL M. LEWIS, WILLIAM B. MORRISON, AND ROBERT J. MORRISON (PARCEL ID NO. 6-6E-1); MARY E. SEBRING (PARCEL ID NO. 6-6E-1); ICG EASTERN, LLC (PARCEL ID NO. 4-4P-1.1, 4-4Q-13.1, 4-4Q-15, 4-4Q-16); WESTERN POCAHONTAS PROPERTIES LIMITED PARTNERSHIP (PARCEL ID NO. 6-5F-1); DALE EASTHAM (PARCEL ID NO. 04-14-39.3); TRAVIS EASTHAM (PARCEL ID NO. 04-14-39.3); ANDREW FAIRBANKS (PARCEL ID NO. 04-14-39.3); BRENT FAIRBANKS (PARCEL ID NO. 04-14-39.3); DAVID FAIRBANKS (PARCEL ID NO. 04-14-39.3); MICHAEL FAIRBANKS (PARCEL ID NO. 04-14-39.3); EDWARD CHARLES SMITH, SR. (PARCEL ID NO. 04-14-39.3); EDWARD CHARLES SMITH, II (PARCEL ID NO. 04-14-39.3); TODD EDWARD SMITH (PARCEL ID NO. 04-14-39.3); JEREMY COLLINS (PARCEL ID NO. 04-14-39.3); NANCY JANE SHEWMAKE BATES f/k/a NANCY JANE BATES (PARCEL ID NO. 04-35-11); and UNKNOWN PERSONS AND INTERESTED PARTIES, | : : : : : : : : : : : : : : : : : : : : : : : : : : : : |

      Defendants.

## COMPLAINT

  Pursuant to its power of eminent domain as authorized by the Natural Gas Act, 15 U.S.C. §§ 717-717z and Federal Rule of Civil Procedure 71.1, plaintiff Mountain Valley Pipeline, L.L.C. ("MVP") files this Complaint to condemn property interests necessary for the construction, operation, and maintenance of an interstate pipeline and associated appurtenances

necessary for its operation (the "MVP Project") across properties in the counties of Braxton, Lewis, Harrison, Webster, and Wetzel, West Virginia owned by defendants Sharon Simmons, Administratix of the Charles D. Simmons Estate; Joshua Simmons; Bryan Simmons; Robert C. Pierson, III and Vicki L. Pierson, as Trustees of the Red Hawk Trust; William G. Lloyd; Arthur C. and Judy D. Roberts; Kincheloe Mitigation Holdings LLC; Hilry Gordon; Adam L. Matheny; Glenn D. Matheny, II; Charles F. Chong and Rebecca Ann Eneix-Chong; Teresa D. Erickson, power of attorney for Gerald Wayne Corder; Lorena B. Krafft, power of attorney for Randall N. Corder; Brian and Helen Montague Van Nostrand; George Ernest Bright; William Townsend Bright; Trustee of The John A. Bright Revocable Living Trust; Trustees Under the Will of A. L. Morrison; Mary E. Sebring; ICG Eastern, LLC; Western Pocahontas Properties Limited Partnership; Brent Fairbanks; Edward "Ted" Charles Smith, Sr.; Dale Eastham; Andrew A. Fairbanks; Edward "Teddy" Charles Smith, II; Michael Fairbanks; Travis Eastham; Jeremy Collins; Todd Edward Smith; David Fairbanks; Nancy Jane Shewmake f/k/a Nancy Jane Bates; and any Unknown Persons and Interested Parties (the "Landowners").

On October 13, 2017, the Federal Energy Regulatory Commission ("FERC") determined that the MVP Project is in the public interest and issued an Order granting a Certificate of Public Convenience and Necessity for the construction, operation, and maintenance of the MVP Project, which includes approximately 303 miles of new 42-inch-diameter natural gas pipeline, three new compressor stations, four new meter and regulation stations and interconnections, and other appurtenances. The MVP Project seeks to help meet the public's demand for natural gas in the mid- and South Atlantic regions of the United States by providing transportation of natural gas from the Marcellus and Utica Shale Formations in central Appalachia. The pipeline will be capable of transporting at least two million dekatherms per day of natural gas. Construction of

the pipeline and appurtenant natural gas facilities of the MVP Project as certificated by the FERC requires easements for permanent and exclusive rights-of-way, access road rights-of-way, temporary construction rights-of-way, and temporary workspace rights-of-way across certain properties located in multiple counties in West Virginia. Accordingly, it is necessary for MVP to acquire temporary and permanent easements across those properties. The specific properties, Landowners, and the specific rights-of-way condemned on each property are identified in **Exhibit A**. Condemnation is necessary because MVP has been unable to negotiate mutually agreeable easement agreements with the Landowners. In support of its Complaint, MVP states:

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this action pursuant to the condemnation authority in Section 7(h) of the Natural Gas Act, 15 U.S.C. § 717f(h) and federal question jurisdiction, 28 U.S.C. § 1331.

2. The Landowners contend, or are expected to contend, that the value of the property interests condemned exceeds $3,000.

3. Venue is proper pursuant to 28 U.S.C. § 1391(b) because the properties to be condemned are located within the Northern District of West Virginia.

## THE AUTHORITY TO CONDEMN

4. MVP is a joint venture between EQT Midstream Partners, L.P.; NextEra US Gas Assets, LLC; Con Edison Gas Midstream, LLC; WGL Midstream; and RGC Midstream, LLC. MVP is a "natural gas company" within the meaning of Section 2(6) of the Natural Gas Act, 15 U.S.C. § 717a(6).

5. On October 13, 2017, the FERC issued a Certificate of Public Convenience and Necessity to MVP for the construction, operation, and maintenance of the MVP Project, which

includes approximately 303 miles of new 42-inch-diameter natural gas pipeline from Wetzel County, West Virginia to Pittsylvania County, Virginia, three new compressor stations, four new meter and regulation stations and interconnections, and other appurtenances.  *See* FERC Certificate, attached as **Exhibit B**.

6. The MVP Project seeks to help meet the public's demand for natural gas in the Mid- and South Atlantic regions of the United States by providing transportation of natural gas from the Marcellus and Utica Shale Formations in central Appalachia.  The pipeline will be capable of transporting at least two million dekatherms per day of natural gas.

7. To construct the MVP Project as certificated by the FERC, it is necessary for MVP to acquire easements for permanent and exclusive rights-of-way, access road rights-of-way, temporary construction rights-of-way, and temporary workspace rights-of-way across the properties in the counties of Braxton, Lewis, Harrison, Webster, and Wetzel, West Virginia identified in **Exhibit A**.

8. MVP made offers to the Landowners to acquire the necessary property rights for easements across the properties identified in **Exhibit A**, but has been unable to acquire those property rights by agreement from the Landowners.

9. Pursuant to Section 7(h) of the Natural Gas Act, 15 U.S.C. § 717f(h), MVP has the right to acquire the necessary property interests described below to construct, operate, and maintain the MVP Project.

**THE EASEMENTS TO BE TAKEN**

10. In accordance with the FERC Certificate Order, MVP condemns necessary temporary and permanent access easements, temporary and permanent workspace and additional workspace easements, temporary and permanent anode bed easements, and easements for

permanent and exclusive rights-of-way on and across properties of Landowners as described herein and shown on the maps/plats attached as **Exhibit C**.

11. The easements may include, as more specifically identified on the map/plat for each property:

    a. Permanent and exclusive rights-of-way of 50 feet in width to construct, operate, protect, maintain, replace, repair, remove, or abandon the pipeline and appurtenant equipment and facilities;

    b. Ingress to and egress from the rights-of-way by means of the permanent and temporary access roads, which MVP may construct, improve, maintain, or replace as necessary or convenient;

    c. The right of ingress and egress to, from, on, and across the permanent and exclusive rights-of-way to access other properties or sections of the pipeline and appurtenant equipment and facilities.

    d. Temporary and permanent workspace and additional workspace;

    e. Temporary and permanent anode bed easements and workspace; and

    f. The right to clear trees, brush, or other vegetation as necessary or convenient for the safe and efficient construction, operation, or maintenance of the pipeline or access roads.

12. The pipeline, except for risers, valves, drips, hydrate removal systems, line markers, cathodic protection, and test standards, and other appurtenant equipment and facilities reasonably required, shall be buried so as not to interfere with the cultivation of the land. The Landowners may fully use and enjoy the premises to the extent that such use and enjoyment does not interfere with or obstruct MVP's rights described herein. The Landowners shall not, without

the prior written consent of MVP: (a) change the depth of cover over the permanent and exclusive rights-of-way for the installed pipeline, (b) place or permit to be placed any temporary or permanent structure or obstruction of any kind, including but not limited to buildings, swimming pools, sheds, paved roadways, concrete pads or sidewalks, mobile homes, trees, telephone poles or wires, electric poles or wires, water or sewer lines, meters or utility boxes, or the like on or over the permanent and exclusive rights-of-way for the installed pipeline; (c) store any materials of any kind on the rights-of-way or operate or allow to be operated over the rights-of-way any heavy machinery or equipment that is in excess of 40,000 pounds or that may damage the pipeline or its appurtenant equipment or facilities; or (d) permit the rights-of-way to be covered by standing water, except in the course of normal seasonal irrigation.

## THE PROPERTY OWNERS

13. Upon information and belief, and after a reasonably diligent search of public records, the individuals claiming an interest in the property rights being condemned are identified in **Exhibit A**.

## OTHERS WHO MAY CLAIM AN INTEREST

14. There may be other persons who claim an interest in the property rights being condemned whose names are unknown to MVP because their identities could not be learned by diligent inquiry. These persons have been made parties to this action as permitted by Rule 71.1 of the Federal Rules of Civil Procedure.

WHEREFORE, MVP requests that this Court:

a. Enter an Order granting MVP the property rights described above;

b. Grant MVP immediate access and entry on the above described easements prior to the determination of just compensation upon the posting of an appropriate bond;

c.  Determine and award just compensation to the Landowners for the taking of the temporary and permanent easements; and

d.  Grant such other relief as may be just and proper.

December 8, 2017

                REED SMITH LLP

                /s/ Nicolle R. Snyder Bagnell
                Nicolle R. Snyder Bagnell
                W.V. I.D. No. 11081
                Reed Smith Centre
                225 Fifth Avenue
                Pittsburgh, PA 15222
                (412) 288-3131
                nbagnell@reedsmith.com

                *Counsel for Mountain Valley Pipeline, L.L.C.*